IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ATLANTIC SPECIALTY INSURANCE COMPANY, as Subrogee of Crossland Heavy Contractors, Inc., and CROSSLAND HEAVY CONTRACTORS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MIDWEST CRANE REPAIR, LLC,**<br><br>Defendant. | Case No. 20-CV-04013-JAR-ADM |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Atlantic Specialty Insurance Company and Crossland Heavy Contractors, Inc.'s Motion to Dismiss Claims Without Prejudice (Doc. 106). The motion is fully briefed and the Court is prepared to rule. For the reasons discussed below, Plaintiffs' request for dismissal without prejudice is granted on the conditions set forth herein. Costs shall be awarded to Defendant as the prevailing party and the Court retains jurisdiction to award Defendant any duplicative attorney fees and expenses expended in subsequent litigation. Plaintiffs shall have until December 1, 2020 to withdraw their motion to dismiss without prejudice if they determine these conditions are too onerous. Absent a motion to withdraw by this deadline, the Court will enter judgment in accordance with this Order.

### I.     Background

Plaintiffs Atlantic Specialty Insurance Company ("Atlantic") and Crossland Heavy Contractors, Inc. ("Crossland") filed this negligence action against Defendant Midwest Crane Repair, LLC ("Midwest Crane"), arising out of a crane collapse on December 7, 2018. When the crane failed, it collapsed onto a building that was under construction. It also killed Jacob Jeffrey,

who was working at the jobsite installing trusses.  Jeffrey was an employee of Burkhart Construction.  A suit has been filed and a claim has been made against Midwest Crane in Missouri state court for the wrongful death of Jeffrey; Crossland is not a party to that action, which remains pending.

Plaintiffs' Complaint seeks reimbursement for damages caused to a building, the crane, and other equipment.  After the crane accident, Atlantic reimbursed its insured, Crossland, for damages to the building, as well as damages to the crane, related equipment, and expenses.  Atlantic is therefore subrogated to its insured's claim for property damages against Midwest Crane.  Crossland asserts a negligence claim under Kansas law against Midwest Crane on the grounds that Midwest Crane owed a duty to exercise reasonable care in inspecting the crane and to remove any damaged parts from service.

Midwest Crane answered and asserted two counterclaims against Crossland seeking: (1) a declaratory judgment "of the obligations, legal relations, and rights of the parties, including a declaration that Crossland Heavy is responsible in whole or in part for the damage claimed as a result of the December 7, 2018 crane collapse"; and (2) contribution and indemnity.[1]  Midwest Crane alleged that Crossland was responsible for monthly and daily crane inspections after its April 2018 annual inspection, and that those inspections should have revealed the issues that caused the crane's collapse.  Midwest Crane further alleges that Crossland failed to correct deficiencies that Midwest Crane identified in April 2018.

On September 14, 2020, this Court granted Crossland's motion to dismiss Midwest Crane's counterclaims, finding they were either not ripe for adjudication or failed to state a claim upon which relief can be granted.  The parties have also litigated several pretrial discovery

---

[1] Doc. 48 ¶ 50.

issues. Plaintiffs represent in the instant motion that counsel in the wrongful death action has stated his client's intent to file suit against Crossland in both the pending Missouri wrongful death case and a new case he intends to file in Kansas state court. Accordingly, Plaintiffs seek to voluntarily dismiss this case, arguing that the costs and expenses have become too high, particularly in light of forthcoming claims against Crossland in state court. Midwest Crane does not oppose dismissal; however, it argues that fees and costs should be assessed against Plaintiffs because they maliciously prosecuted Midwest Crane by filing and continuing to litigate this matter in bad faith.

## II.     Standard

Federal Rule of Civil Procedure 41(a)(2) controls voluntary dismissals after the opposing party has filed an answer and provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[2] "Prejudice does not arise simply because a second action has been or may be filed against the defendant."[3] Rather, the Tenth Circuit evaluates prejudice by relevant factors such as "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[4]

Rule 41(a)(2) "is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'"[5] These "[c]onditions

---

[2] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[3] *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

[4] *Id.* (quoting *Ohlander*, 114 F.3d at 1537).

[5] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961)).

are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action."[6]  Conditions typically should include at least the payment of taxable costs, but they may also include the payment of attorney fees.[7]  "A plaintiff must be given an opportunity to withdraw a motion for voluntary dismissal if a court imposes conditions on the dismissal."[8]

Under Fed. R. Civ. P. 54(d), costs must be awarded to the prevailing party unless the Court directs otherwise.  The rule creates a presumption in favor of costs to the prevailing party; the Court "must provide a valid reason for not awarding costs to the prevailing party."[9]  Tenth Circuit precedent clearly holds that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice."[10]

A defendant may not recover attorney fees as a condition of dismissal when the action is dismissed with prejudice except when there is a showing of "exceptional circumstances."[11]  However, when the dismissal is without prejudice, "a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[12]

---

[6] *Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

[7] *Breathouwer v. SmithKline Beecham Corp.*, No. 02-2476-JAR, 2003 WL 1342979, at *1 (D. Kan. Mar. 17, 2003).

[8] *Hill v. Pope*, No. CIV.A. 07-CV-02722WD, 2009 WL 321789, at *5 (D. Colo. Feb. 9, 2009) (citing *United States v. Rockwell Int'l Corp.,* 282 F.3d 787, 810 (10th Cir. 2002)).

[9] *AeroTech, Inc. v. Vernon Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).

[10] *Cantrell*, 69 F.3d at 456.

[11] *Id.* at 1528.

[12] *Id.*

4

**III.     Discussion**

Under the Tenth Circuit's factors discussed above, the Court finds that dismissal without prejudice is warranted. Indeed, Midwest Crane does not oppose dismissal in its response. This litigation is still in its relatively early stages as discovery is not yet complete, and Plaintiffs have sufficiently explained their reason for seeking dismissal—to conserve resources to defend against pending state claims. There is no evidence of delay or lack of diligence in pursuing this dismissal. Plaintiffs' motion is granted to the extent it seeks dismissal without prejudice.

Midwest Crane opposes Plaintiffs' request that the parties bear their own costs and attorney fees on the basis that Crossland maliciously prosecuted this case. But Midwest Crane provides no authority or legal argument about how this argument applies under the voluntary dismissal standards.[13] Any cause of action by Midwest Crane for malicious prosecution claim is not ripe until this case is terminated,[14] so the Court instead considers whether voluntary dismissal unfairly prejudices Midwest Crane so as to justify imposing curative conditions on dismissal.

With respect to costs, a presumption that costs should be awarded applies unless the Court finds a valid reason for not doing so. Plaintiffs present no valid reason for denying an award of cost to Midwest Crane in this matter, so costs shall be awarded in favor of Defendant as the prevailing party.

With respect to attorney fees, "[w]hen a plaintiff dismisses an action without prejudice . . . [the defendant] faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[15] As a result, "[t]ypically, 'a court imposes as a term and

---

[13] *See Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995); *Aerotech, Inc.*, 110 F.3d at 1527.

[14] *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1266 (10th Cir. 2003).

[15] *AeroTech*, 110 F.3d at 1527.

5

condition of dismissal [without prejudice] that plaintiff pay the defendant the expenses that he incurred in defending the suit, which usually includes reasonable attorney's fees.'"[16]  "Generally, however, the attorney's fees are limited to those that will not prove useful in subsequent litigation."[17]

While Plaintiffs do not intend to file a second suit against Midwest Crane, the risk of duplicative fees remains given that Crossland may be joined in the wrongful death case in Missouri, or in a new case filed in Kansas state court.  Claims between Crossland and Midwest Crane in those state court actions may follow given the parties' positions that the other caused the crane collapse.  Therefore, it is appropriate to condition dismissal without prejudice on Plaintiffs' payment of Midwest Crane's attorney fees that are duplicated in subsequent state court litigation.  If Midwest Crane incurs duplicative fees and expenses in a subsequent lawsuit, then Midwest Crane may move the Court for reimbursement of those duplicative fees and expenses at the end of the subsequent lawsuit(s).  Midwest Crane must "provide a detailed showing of the fees and expenses incurred that [it] believe[s] are duplicative."[18]  The Court will retain jurisdiction over the limited issue of attorney fees and expenses arising out of the dismissed action.[19]

Because Plaintiffs have the right to withdraw their motion to dismiss if they determine that the conditions imposed by the Court are onerous, the Court gives Plaintiffs until

---

[16] *Rockwell,* 282 F.3d at 810 (quoting *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir. 1994)).

[17] *Hill v. Pope*, No. CIV.A. 07-CV-02722WD, 2009 WL 321789, at *4 (D. Colo. Feb. 9, 2009) (first citing *Aerotech,* 110 F.3d at 1527; then citing *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir. 1985)).

[18] *Snyder Ins. Servs., Inc. v. Kulin-Sohn Ins. Agency, Inc.*, No. 16-2535-DDC-GEB, 2019 WL 464874, at *2 (D. Kan. Feb. 6, 2019) (quoting *Gonzales v. City of Topeka*, 206 F.R.D. 280, 283 (D. Kan. 2001)); *see also Hill*, 2009 WL 321789, at *2 (citations omitted).

[19] *See Snyder*, 2019 WL 464874, at *6; *Hill,* 2009 WL 321789, at *4 (citing *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996)).

December 1, 2020 to withdraw their motion.  If Plaintiffs do not withdraw their motion, then this Order granting their motion to dismiss without prejudice on the above conditions will take effect.  If Plaintiffs do withdraw their motion, this Order will have no effect on the parties and the matters addressed herein.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs Atlantic Specialty Insurance Company and Crossland Heavy Contractors, Inc.'s Motion to Dismiss Claims Against Defendant Midwest Crane Repair, LLC Without Prejudice (Doc. 106) is **deferred**.  Plaintiffs have until December 1, 2020 to file a motion to withdraw their motion to dismiss without prejudice.  If Plaintiffs have not withdrawn their motion to dismiss by the December 1 deadline, the Court will grant the motion to dismiss this case without prejudice subject to the conditions outlined in this Order.

**IT IS SO ORDERED.**

Dated: November 10, 2020

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE