IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, as Subrogee of Crossland Heavy Contractors, Inc., and CROSSLAND HEAVY CONTRACTORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST CRANE REPAIR, LLC, <br><br> Defendant. | Case No. 20-CV-04013-JAR-ADM |

## MEMORANDUM AND ORDER

On November 10, 2020, the Court issued a Memorandum and Order as to Plaintiffs Atlantic Specialty Insurance Company and Crossland Heavy Contractors, Inc.'s Motion to Dismiss Claims Without Prejudice.[1] The Court conditionally granted Plaintiffs' request for dismissal without prejudice on certain conditions—costs would be awarded to Defendant as the prevailing party and the Court would retain jurisdiction to award Defendant any duplicative attorney fees and expenses expended in subsequent litigation. The Court gave Plaintiffs until December 1, 2020 to withdraw their motion to dismiss without prejudice if they determined these conditions were too onerous.

Now before the Court is Plaintiffs' Motion to Extend Deadline to Withdraw Motion to Dismiss Without Prejudice (Doc. 119). Defendant Midwest Crane Repair LLC has responded and opposes the requested extension. The Court may extend a party's deadline under Fed. R. Civ. P. 6(b)(1) for "good cause" if the request is made before the deadline expires. Good cause

---

[1] Doc. 118.

requires the moving party to show the deadline "cannot be met despite [the movant's] diligent efforts."[2]  Plaintiffs seek an additional month to consider the terms set forth in the Court's November 10 Order and determine whether they are willing to accept the financial implications of dismissal without prejudice.  Defendant responds that it will be prejudiced by the requested extension because it would effectively extend Plaintiffs' statute of limitations on a subsequently filed claim, and because it would delay discovery in this case if Plaintiffs decide to withdraw their motion.

While the Court finds that Plaintiffs have shown good cause for an extension of time to consider the Court's Order in light of the intervening holiday, they have not demonstrated that a lengthy 30-day extension is warranted.  Plaintiffs filed their motion to dismiss without prejudice almost three months ago, on September 15, 2020.  As the Court previously explained, Tenth Circuit law is clear that a defendant may not recover attorney fees as a condition of dismissal under Fed. R. Civ. P. 41(a)(2) when the action is dismissed <u>with</u> prejudice except when there is a showing of "exceptional circumstances."[3]  However, when the dismissal is <u>without</u> prejudice, "a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[4]  Certainly, this distinction should have been considered by Plaintiffs when they originally sought dismissal several months ago.  While the Court is mindful that the Thanksgiving holiday fell within the twenty-day time period between its Order and Plaintiffs' deadline to withdraw the motion, Plaintiffs fail to demonstrate that this justifies a 30-day extension of time to reconsider their

---

[2] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration in original) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc*. 204 F.R.D. 667, 668 (D. Colo. 2001)).

[3] *AeroTech, Inc. v. Vernon Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

[4] *Id.*

options, particularly when weighed against the prejudice set forth in Defendant's response.[5] Instead, the Court finds that a two-week extension should be sufficient to provide Plaintiffs with additional time to consider their options, while limiting the prejudice to Defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Extend Deadline to Withdraw Motion to Dismiss Without Prejudice (Doc. 119) is **granted in part and denied in part**. Plaintiffs December 1, 2020 deadline to file a motion to withdraw their motion to dismiss without prejudice is extended to December 15, 2020. If Plaintiffs have not withdrawn their motion to dismiss by the December 15 deadline, the Court will grant the motion to dismiss this case without prejudice subject to the conditions outlined in the November 10 Order.

**IT IS SO ORDERED.**

Dated: December 4, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Plaintiffs may opt to withdraw their motion to dismiss without prejudice and seek dismissal with prejudice instead, which would require a showing by Defendant of exceptional circumstances to obtain attorneys' fees. To be sure, this would also eliminate all of the prejudice outlined in the response. Alternatively, the Court notes that if Plaintiffs opt not to withdraw their motion, the only potential fees that would be imposed are those that would be duplicative to the fees arising from this action.