IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, as Subrogee of Crossland Heavy Contractors, Inc., and CROSSLAND HEAVY CONTRACTORS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST CRANE REPAIR, LLC,<br><br>Defendant. | Case No. 20-CV-04013-JAR-ADM |

## MEMORANDUM AND ORDER

On November 10, 2020, the Court issued a Memorandum and Order as to Plaintiffs Atlantic Specialty Insurance Company and Crossland Heavy Contractors, Inc.'s Motion to Dismiss Claims Without Prejudice.[1] The Court conditionally granted Plaintiffs' request for dismissal without prejudice on certain conditions—costs would be awarded to Defendant as the prevailing party and the Court would retain jurisdiction to award Defendant any duplicative attorney fees and expenses expended in subsequent litigation. The Court gave Plaintiffs until December 1, 2020 to withdraw their motion to dismiss without prejudice if they determined these conditions were too onerous. On December 4, 2020, the Court extended that deadline to December 15, 2020.

Now before the Court is Defendant Crossland Heavy Contractor, Inc.'s Motion for Clarification of November 10, 2020 Order (Doc. 127), asking the Court to clarify its condition of dismissal. Plaintiffs join in the motion.[2] Specifically, Defendant asks "what would constitute a

---

[1] Doc. 118.

[2] Doc. 131.

claim or subsequent lawsuit which would trigger the duplicative attorneys' fees condition."[3]  The parties wish to clarify whether duplicative fees would be awarded for any claim arising from the crane collapse that gave rise to this action, or whether a duplicative fee award would be confined to a subsequent property damage claim.

In determining whether Defendant is entitled to fees incurred in a subsequently filed action, the parties shall refer to Fed. R. Civ. P. 41(d), and *AeroTech, Inc. v. Vernon Estes*[4] for guidance.  The rationale for this condition is that dismissal without prejudice poses a "risk that the plaintiff will refile the suit and impose duplicative expenses upon [the defendant]."[5]  "To ensure that Plaintiff[] [is] only held responsible for attorney's fees and expenses that are duplicative, it is necessary to know the contours of the forthcoming state court action."[6]  The Court declines to issue an advisory opinion about a request for fees incurred in a state court action that has not yet been filed.  Subject to Defendant making a detailed showing of reasonableness and duplication, the Court would award duplicative attorney fees incurred by Defendant in any subsequent litigation initiated by Plaintiff against Defendant.  The Court reserves ruling on the amount of those fees until after any subsequent state court action is filed and a fee application is submitted for review.

**IT IS THEREFORE ORDERED BY THE COURT** Defendant Crossland Heavy Contractor, Inc.'s Motion for Clarification of November 10, 2020 Order (Doc. 127) is **denied**.

**IT IS SO ORDERED.**

Dated: December 11, 2020

---

[3] Doc. 127 at 2.

[4] 110 F.3d 1523, 1526 (10th Cir. 1997).

[5] *Id.* at 1527.

[6] *Hill v. Pope*, No. CIV.A. 07-CV-02722WD, 2009 WL 321789, at *5 (D. Colo. Feb. 9, 2009).

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE